UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SHAUNA MARIE GROSS,<br><br>Defendant. | 4:21-CR-40169-KES-4<br><br>ORDER DENYING MOTION FOR COMPASSIONATE RELEASE AND DENYING MOTION TO CORRECT SENTENCE |

Defendant, Shauna Marie Gross, filed a pro se motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) and a pro se motion to correct sentence based on application of Part D (Enhanced Penalties for Drug Offenders § 2D1.1 of the United States Sentencing Guidelines). Docket 372; Docket 371. Plaintiff, the United States of America, opposes both motions. Docket 375; Docket 374. Gross then filed a reply brief to the government's response concerning her compassionate release motion. Docket 377. Gross also filed a supplement to her compassionate release motion. Docket 379. The court issues the following order.

## BACKGROUND

In August 2023, a jury convicted Gross of conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 846. Docket 273. On November 3, 2023, the court sentenced Gross to 140 months in federal custody and 5 years of supervised release. Docket 330 at 2. Her projected release date is set for March 21, 2033. *See Find an Inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited December 11, 2024)

(enter BOP register number 79443-509). Gross is currently incarcerated at FCI Victorville, a medium security federal correctional institution with an adjacent minimum security satellite camp in Victorville, California. *See id.*; *FCI Victorville Medium I,* Fed. Bureau of Prisons, https://www.bop.gov/locations/institutions/vim/ (last visited December 11, 2024).

## DISCUSSION

Because sentences are final judgments, a court ordinarily "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One narrow exception is the First Step Act (FSA), passed by Congress in 2018. Pub. L. No. 115-391, 132 Stat. 5194 (2018). In pertinent part, the FSA amends 18 U.S.C. § 3582(c)(1)(A) to permit incarcerated defendants in certain circumstances to file motions with the court seeking compassionate release. Compassionate release provides a narrow path for defendants with "extraordinary and compelling reasons" to leave prison early. 18 U.S.C. § 3582(c)(1)(A)(i). Such a reduction in sentence must take into consideration the 18 U.S.C. § 3553(a) sentencing factors and be consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). The defendant bears the burden to establish that a sentence reduction is warranted under 18 U.S.C. § 3582(c). *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

The Sentencing Commission's policy statement on compassionate release requires both "extraordinary and compelling reasons" to warrant a sentence reduction. U.S.S.G. § 1B1.13(a)-(b). The defendant also must not pose a danger

2

to the public. *Id.* The policy statement was amended on November 1, 2023, to reflect the FSA's empowerment of federal courts to adjudicate defendant-initiated motions for compassionate release. U.S.S.G. § 1B.13, amend. 814. Amendment 814 to the Sentencing Commission policy statement also expands the list of extraordinary and compelling reasons justifying compassionate release from federal detention. *See id.*; *2023 Amendments in Brief*, U.S. Sent'g Comm'n, https://www.ussc.gov/sites/default/files/pdf/amendment-process/amendments-in-brief/AIB_814.pdf (last visited December 9, 2024).

I. **Administrative Exhaustion**

Before the FSA's passage, only the BOP Director had the authority to bring a compassionate release motion on a defendant's behalf. 18 U.S.C. § 3582(c)(1)(A) (2002), *amended by* 18 U.S.C. § 3582(c)(1)(A) (2018). With the enactment of the FSA, Congress has permitted courts to grant a motion for a reduction in sentence filed by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Gross submitted a compassionate release request to the warden on May 3, 2024. Docket 372-1 at 7. Gross's request was denied by the warden on May 14, 2024. *Id.* at 8-9. Although the government states that it "appears [Gross] has not exhausted her administrative remedies," it responds to the substance

3

of her request.[1] Docket 375 at 2. Having presented her request to the warden and being denied, and hearing no concrete objection from the United States, the court will presume Gross has satisfied the administrative exhaustion requirement and will review the matter on the merits.

## II.   Extraordinary and Compelling Reasons

Congress directed the Sentencing Commission to describe what "should be considered extraordinary and compelling reasons" for compassionate release and fashion "the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). The Sentencing Commission policy statement, as amended in November of 2023, responded by identifying six categories of "extraordinary and compelling reasons" justifying compassionate release. U.S.S.G. § 1B1.13(b)(1)-(4), amend. 814.[2] The first four categories concern the defendant's (1) medical circumstances; (2) advanced age and deteriorating health in combination with the amount of time served; (3) compelling family circumstances; and (4) victimization by correctional staff while in custody. *Id.* A

---

[1] The warden's response states that if Gross is not satisfied with the decision, she may commence an appeal through the administrative remedy process. Docket 372-1 at 8-9. There is no indication that Gross appealed the decision administratively.

[2] Amendment 814 retained much of the language from the prior version of the Sentencing Commission's policy statement, and prior cases inform the court's judgement to the extent they are consistent with the current version of the policy statement. *See* U.S.S.G. § 1B1.13, amend. 814. Before Amendment 814, the court assumed that the factors laid out in the Sentencing Commission's policy statement applied to motions for compassionate release brought by prisoners as well as the Director of the Bureau of Prisons. *See, e.g., United States v. Muhs*, 2021 WL 534517, at *3 (D.S.D. Feb. 12, 2021). Following Amendment 814, the relevant factors now explicitly apply to motions for compassionate release brought by prisoners. *See id.*; U.S.S.G. § 1B1.13(a).

fifth catch-all category exists for a "circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." U.S.S.G. § 1B1.13(b)(5). The sixth category arises if (1) the defendant has received an unusually long sentence, (2) the defendant has served at least 10 years, and (3) a change in law produces a gross disparity between the sentence being served and the sentences likely to be imposed at the time the motion was filed, after considering the individual circumstances of the defendant. U.S.S.G. § 1B1.13(b)(6).

     Gross argues that she should be released to care for another person who is similar in kind to an immediate family member and whose primary caregiver has become incapacitated. Docket 372 at 3; Docket 377 at 1. Gross also states that her "age can also be qualified as [an] extraordinary and compelling reason." Docket 372 at 3. In the alternative, Gross alleges that, together, her age and "family circumstance" are compelling and extraordinary reasons to grant her a compassionate release. *Id.* The court thus analyzes Gross's request under the family circumstances and the catch-all categories. *See* U.S.S.G. §§ 1B1.13(b)(3), (b)(5). The court does not consider the categories for medical circumstances, victimization by correctional staff, or an unusually long sentence because Gross does not argue that they apply here. Nor does the court consider Gross's age in combination with time served because she is not 65 years old. *See* Docket 318 at 3.

### A. Family Circumstances of the Defendant

To justify compassionate release under the family circumstances category, U.S.S.G. § 1B1.13(b)(3) requires that the defendant demonstrate one of the following: (1) death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition; (2) incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner; (3) incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent; or (4) that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving an immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver. U.S.S.G. § 1B1.13(b)(3).

Gross requests this court release her to care for Orville E. McCollom, a 91-year-old Korean War veteran. Docket 372 at 3. Gross states that McCollom requires around-the-clock attention because of his age and declining health, which she provided while out on pretrial release. Docket 379 at 2. Gross claims that she is McCollom's only available caregiver because his current caregiver—McCollom's son, Brian McCollom—has his own health problems and is thus unable to care for him. Docket 372 at 3.[3] McCollom is not Gross's parent or

---

[3] Gross attached to her motion a letter from Brian McCollom where he provides details of his and his father's current health situation. Docket 372-1 at 2-4.

relative in any regard. Gross instead states that McCollom is similar in kind to an immediate family member. Docket 377 at 1. Gross provides detailed insight into her relationship with McCollom, which started in February 2022. Docket 379 at 2.

Although the court is sympathetic to the difficult situation with McCollom's declining health, Gross has not provided sufficient evidence to render her reasons extraordinary or compelling. Under U.S.S.G. § 1B1.13(b)(3), Gross must be the only person available to care for McCollom. Gross explains that McCollom's son, Brian, has "gone through 6 caregivers" but does not provide any evidence that Brian cannot hire another caregiver. Docket 379 at 2. That McCollom's caretakers have not "worked out" is not an extraordinary and compelling reason to grant Gross compassionate release. *Id.* In addition, the court has an obligation to protect the public and deter others from similar nefarious conduct. The court will not grant Gross compassionate release to care for McCollom when there are others that can provide similar care. Thus, Gross's need to care for McCollom does not constitute an extraordinary and compelling reason warranting Gross's early release under U.S.S.G. § 1B1.13(b)(3).

### B. Catch-all Category

The catch-all category allows for compassionate release where "[t]he defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those

7

described in paragraphs (1) through (4)." U.S.S.G. § 1B1.13(b)(5).

In her pro se motion for compassionate release, Gross alleges that her "age . . . and the family circumstance to take care of 91-year-old Korean War Veteran Orville E. McCollum [sic] are extraordinary and compelling reasons to grant [her] compassionate release."[4] Docket 372 at 3. But these reasons, even coupled together, do not justify granting Gross's compassionate release motion. As stated above, Gross has failed to meet the family circumstances standard set forth in U.S.S.G. § 1B1.13(b)(3). And combining her age with McCollom's circumstances does not transform that situation into an extraordinary and compelling reason to grant her compassionate release motion. In short, Gross has failed to satisfy the requirements for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G. § 1B1.13. Thus, her motion for compassionate release is denied.

---

[4] Although it is unclear, Gross seems to indicate that her age alone can also qualify her for a compassionate release. Docket 372 at 3. Age can provide "extraordinary and compelling reasons" to merit compassionate release if the defendant is at least 65 years old. U.S.S.G. § 1B1.13(b)(2). But Gross is 64 years old. *See* Docket 318 at 3. Gross also cites to *United States v. Williams*, 473 F. Supp. 3d 772 (E.D. Mich. 2020), to support this contention. Docket 372 at 3. But the facts in *Williams* are completely inapposite to the facts presented here. In *Williams*, the court granted the defendant's compassionate release motion during the height of the COVID-19 pandemic because, among other things, the defendant's age placed him in a recognized high-risk category at a BOP facility with known COVID-19 infections. *Williams*, 473 F. Supp. 3d 772 at 774, 778. That is not the case here, where Gross contends that her age alone warrants this court grant her compassionate release motion. As such, Gross's age, standing alone, does not compel this court to grant her motion for compassionate release.

### III. Sentencing Factors of § 3553(a)

The § 3553(a) sentencing factors confirm that compassionate release is not warranted. The first factor the court considers is "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). Gross was part of a conspiracy to distribute methamphetamine. Docket 318 ¶ 3. In determining her base offense level, Gross was attributed with 4.5 kilograms (actual) of methamphetamine. Docket 329-1 at 5. The PSR, however, indicates that Gross was responsible for mailing over 19 kilograms of methamphetamine. Docket 318 ¶ 52. The seriousness of Gross's offense demands a just sentence that reflects the crime.

Gross's personal characteristics are more favorable to her motion for release. Gross stated that she came from a good, hardworking family, and that she enjoyed her childhood. *Id.* ¶ 78. Gross has been happily married since 1996 and has 6 children and 16 grandchildren, and she maintains healthy relationships with all of them. *Id.* ¶¶ 79, 80. Gross's criminal history score was 1, which resulted in a criminal history category of I. *Id.* ¶ 71. Gross also received a 4-level reduction for her role as a minor participant, which contributed to a more favorable guideline range. Docket 329-1 at 5.

The next factor the court considers is the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). Here, granting compassionate release would not promote respect for the law nor provide just punishment. Although Gross explains that she behaved well while out on

9

pretrial release and that she is remorseful for her actions, Docket 377 at 2, the seriousness of the offense outweighs her background and feelings of contrition. The PSR outlines the instances when Gross mailed six packages of methamphetamine. Docket 318 ¶ 51. It is suggested that the methamphetamine Gross shipped was brought directly from Mexico, which has a higher purity level and places a significant strain on the communities where it was distributed. *Id.* ¶ 52. Finally, Gross has only served about 1 year of her 140-month sentence, which is not sufficient punishment for her actions. For these reasons, granting a sentence reduction would not promote respect for the law nor provide just punishment.

      The remaining § 3553(a) factors likewise do not support a sentence reduction. If the court were to grant compassionate release, similar conduct in others would not be deterred because Gross's punishment would not be severe enough to act as an effective deterrent. *See* 18 U.S.C. § 3553(a)(2)(B). Gross was found guilty by a jury of conspiracy to distribute meth. Docket 273. Reducing her sentence at this time would not protect the public from further crimes if Gross resumed her criminal behavior. *See* 18 U.S.C. § 3553(a)(2)(C). The court finds that the remaining § 3553(a) factors weigh against Gross.

      In sum, the court sentenced Gross to 140 months in custody in the amended judgment. Docket 330. The imposed sentence was within the advisory guideline range. Docket 329-1 at 5. After careful consideration, the court concludes that Gross's sentence continues to be appropriate for the seriousness of the crime to which she was found guilty.

**IV.   Motion to Correct Sentence**

Gross also filed a Motion to Correct Sentence Based on Application of Part D (Enhanced Penalties for Drug Offenders § 2D1.1 of the United States Sentencing Guidelines). Docket 371. Gross claims that she "should have received [a] zero-point enhancement under Part D of § 2D1.1." *Id.* at 1. After applying the Part D Amendment to her sentence, Gross alleges that her sentence should be decreased from 140 months to 70 months incarceration. *Id.*

Section 2D1.1 is the guideline section for unlawful manufacturing, importing, exporting, or trafficking of controlled substances, including attempt and conspiracy offenses. *See* U.S.S.G. § 2D1.1. The United States Sentencing Commission recently promulgated amendments to the sentencing guidelines, effective November 1, 2024. *See Amendments to the Sentencing Guidelines*, U.S. Sent. Comm'n, Nov. 1, 2024, https://www.ussc.gov/sites/default/files/pdf/amendment-process/official-text-amendments/202405_Amendments.pdf. The Commission included a miscellaneous amendment, Part D, that concerns enhanced penalties for drug offenders. *Id.* at 17-21. The amendment is explained, in pertinent part, as follows:

> Part D of the amendment clarifies that the alternative enhanced base offense levels at §2D1.1 . . . are based on the offense of conviction, not relevant conduct. Sections 841 and 960 of title 21, United States Code, contain crimes with mandatory minimum penalties for defendants whose instant offense resulted in death or serious bodily injury and crimes with mandatory minimum penalties for defendants with the combination of both an offense resulting in death or serious bodily injury and prior convictions for certain specified offenses. The Commission received public comment and

11

> testimony that it was unclear whether the Commission intended for §§ 2D1.1(a)(1)–(a)(4) to apply only when the defendant was convicted of one of these crimes or whenever a defendant meets the applicable requirements based on relevant conduct. The amendment resolves the issue by amending §§ 2D1.1(a)(1)–(4) to clarify that the base offense levels in those provisions apply only when the individual is convicted of an offense under sections 841(b) or 960(b) to which the applicable enhanced statutory mandatory minimum term of imprisonment applies, or when the parties have stipulated to: (i) such an offense for purposes of calculating the guideline range under §1B1.2 (Applicable Guidelines); or (ii) such base offense level.

*Id.* at 23.

Here, Gross was found guilty of Conspiracy to Distribute a Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Docket 273; Docket 70. Her base offense level of 32 was assigned under U.S.S.G. § 2D1.1(a)(5) after receiving a 4-level reduction for her role per § 3B1.2(iii). *See* Docket 329-1 at 5. Based on the total offense level and being in criminal history category I, Gross's guideline range was 121-151 months in custody. *Id.* Gross was ultimately sentenced within that range to 140 months in custody. Docket 330 at 2.

As described above, the Part D Amendment to § 2D1.1 applies to sentencing calculations considered under §§ 2D1.1(a)(1)-(4). Because Gross was sentenced under § 2D1.1(a)(5), the Part D Amendment does not apply here. Thus, Gross's motion to correct her sentence is denied.

## CONCLUSION

Gross failed to satisfy the extraordinary and compelling reason standard under 18 U.S.C. § 3582(c)(1)(A)(i). Gross's motion to correct her sentence also fails. Thus, it is

ORDERED that the defendant's motion for relief under the First Step Act

(Docket 372) is denied. It is

FURTHER ORDERED that the defendant's motion to correct sentence under Amendment Part D to § 2D1.1 of the United States Sentencing Guidelines (Docket 371) is denied. It is

FURTHER ORDERED that defendant's motion inquiring about motion to dismiss (Docket 378) is denied as moot.

Dated December 16, 2024.

BY THE COURT:

/s/ Karen E. Schreier
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE